
DAVID LOPEZ, ESQ.  DL-6779
Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:       631.287.5520
Fax:      631.283.4735
e-Mail:   DavidLopezEsq@aol.com

**CV 09 2581**

(S.J.)

FILED
IN CLERK'S OFFICE
U S. DISTRICT COURT E.D.N.Y
★ JUN 17 2009 ★
LONG ISLAND OFFICE

FEUERSTEIN, S
WALL, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————

| | |
|---|---|
| DEBORAH DONOGHUE, ) <br> ) <br> **Plaintiff**, ) <br> ) <br> - against - ) <br> ) <br> MINDSPEED TECHNOLOGIES, ) <br> INC., POLAR SECURITIES INC., ) <br> POLAR CAPITAL CORP, ) <br> JOHN PAUL SABOURIN, ) <br> ALTAIRIS OFFSHORE, and ) <br> ALTAIRIS OFFSHORE LEVERED, ) <br> ) <br> **Defendants**. ) <br> ——————————————— ) | **COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. 78p(b)** <br><br> **Jury Trial Demanded** |

**DEBORAH DONOGHUE**, by David Lopez, Esq., her attorney, complaining of the defendants, respectfully alleges the following upon information and belief, except as to paragraph 2, which plaintiff alleges on personal knowledge:

<u>**JURISDICTION:**</u>

1.   This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b),

1

and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. Section 78aa.

**THE PARTIES:**

2. Plaintiff is a security owner of MINDSPEED TECHNOLOGIES, INC. ("MINDSPEED"), a Delaware Corporation with principal offices at 4000 MacArthur Boulevard, East Tower, Newport Beach, California 92660-3095.

3. At all times relevant the common stock of MINDSPEED was registered under Section 12(g) of the Act and was and is traded on NASDAQ through market makers located within this district.

4. This action is brought in the right and for the benefit of MINDSPEED which is named as a party defendant solely in order to have all necessary parties before the court.

5. At all times relevant POLAR SECURITIES, INC. ("PSI"), POLAR CAPITAL CORP. ("PCC"), ALTAIRIS OFFSHORE ("OFFSHORE") and ALTAIRIS OFFSHORE LEVERED ("LEVERED") were under the common control of JOHN PAUL SABOURIN ("SABORIN") and, together with SABOURIN, constituted a "group" (the "GROUP") under standards appropriate to Section 13(d) of the Act in that:

    a) By agreement all decisions to acquire were made by a single person, SABOURIN;

      b)    By agreement all decisions to hold were made by a single person, SABOURIN;

      c)    By agreement all decisions to vote were made by a single person, SABOURIN;

      d)    By agreement all decisions to dispose were made by a single person, SABOURIN.

6.    The members of the GROUP, in the aggregate, at all relevant times beneficially owned more-than-10% of the outstanding common stock of MINDSPEED making each of them beneficial owners of more-than-10% of the common stock of MINDSPEED for purposes of Section 16 of the Act.

7.    SABOURIN, PSI, PCC, OFFSHORE and LEVERED have offices or are found c/o POLAR SECURITIES INC., 372 Bay Street, 21st Floor, Toronto, Canada A6 M5H 2S6.

**STATUTORY REQUISITES:**

8.    The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

9.    Demand for prosecution was made on MINDSPEED on April 16, 2009. More than 60 days have passed from the date of demand with MINDSPEED not having effected a recovery. By letter dated June 12, 2009, MINDSPEED, through

Brandi R. Steege, Esq., Vice President, Legal, advised Plaintiff's counsel that it would not act to seek a recovery but that "Mindspeed reserves all rights related to any legal proceeding that may later be initiated." Further delay in the filing of suit would be a futile gesture, the mandatory statutory waiting period having been observed and it being clear that MINDSPEED will not act on its own behalf.

10. Some or all of the transactions to be described herein were effected in whole or in part within the Eastern District of New York.

11. OFFSHORE, LEVERED, PSI, PCC and SABOURIN are non-resident aliens with respect to the United States as to whom venue is correct in any district.

12. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time, if ever, when reports required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

13. OFFSHORE and/or LEVERED purchased 183,870 shares of MINDSPEED common stock on December 22, 2008, and 7,444 shares on December 31, 2008.

14. OFFSHORE and/or LEVERED sold 108,910 shares of MINDSPEED common stock between April 2 and April 9, 2009, such sales being at higher prices than paid for the purchases aforesaid.

4

15. Each of OFFSHORE, LEVERED, PSI, PCC and SABOURIN enjoyed pecuniary interests in such purchases and sales, either directly or through performance-based fees.

16. The foregoing purchases and sales may be matched against one another using the "lowest-in, highest out" method to yield profits recoverable from OFFSHORE, LEVERED, PSI, PCC and SABOURIN  The amounts of such profits are unknown to Plaintiff but are estimated to approximate $110,000.

17. Such profits are recoverable on behalf of MINDSPEED by Plaintiff as a shareholder of MINDSPEED, the latter having failed or refused to act in its own right and for its own benefit.

**SECOND CLAIM FOR RELIEF:**

18. This Second Claim For Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record, the incompleteness of the public record by reason of the failure of the Defendants to comply with the reporting requirements of Section 13 of the Act, and the possible discovery of additional trades during the course of this action.

19. OFFSHORE and LEVERED, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, each purchased and sold or sold and purchased equity securities or equity security equivalents of MINDSPEED within periods of less than six months of each other while more-than-10% beneficial owners of MINDSPEED.

20. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while insiders of MINDSPEED, the Defendants and each of them realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of MINDSPEED.

**WHEREFORE**, Plaintff demands judgment:

a) Requiring OFFSHORE, LEVERED, PSI, PCC and SABOURIN to account for and to pay over to MINDSPEED the short-swing profits realized and retained by each of them, according to their respective pecuniary interests, in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountants and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated:   Southampton, New York
         June 16, 2009

                                          Yours, etc.

                                          _____
                                          David Lopez, Esq.